IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LOUIS JENKINS,                    :

    Petitioner,                :

vs.                               :    CIVIL ACTION 06-00402-KD-B

GWENDOLYN MOSLEY, *et al.*,        :

    Respondents.               :


## REPORT AND RECOMMENDATION

Louis Jenkins, a state inmate in the custody of Respondent[1], has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Secretary for Dep't of Corrections, 377 F.3d 1317 (11th Cir. 2004). It is recommended that the habeas petition be denied, that this

---

[1] When Jenkins filed his habeas petition, he was incarcerated at Donaldson Correctional Facility where Kenneth Jones is Warden. However, on October 23, 2006, Jenkins filed a notice of address change with the Court indicating that he had been transferred to Easterling Correctional Facility. Accordingly, pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, Gwendolyn Mosley, Warden of that facility, is hereby substituted for Jones as the proper Respondent in this action.

action be dismissed, and that judgment be entered in favor of Respondents and against Petitioner Louis Jenkins on all claims.

## **FINDINGS OF FACT**

Jenkins was indicted and charged with first-degree robbery in Case No. CC-89-1942. (Doc. 12, Ex. 1A).  Following an amendment to the indictment, Jenkins pled guilty to robbery in the third degree in the Mobile County Circuit and was sentenced to 10 years imprisonment on November 6, 1989[2]. Jenkins did not appeal his conviction and sentence. (Docs. 4, 12). On April 10, 1995, Jenkins was granted parole. (Doc. 12, Ex. 1A, pp. 4, 22, 24).

On May 16, 2005, Jenkins filed a Rule 32 petition with the trial court challenging his conviction.[3]  (Doc. 12, Ex. 1A).  After the state responded, the trial court, on December 20, 2005, summarily denied Jenkins' petition.  According to the trial court, Jenkins' claim is "precluded under Rule 32.2.(c) and no material issue of fact or law exists which would entitle the petitioner to relief under this rule.  Therefore, the claims are to be dismissed

---

[2]The Court notes that Jenkins unsuccessfully filed another unrelated habeas petition in this Court, namely <u>Jenkins v. Bullard</u>, CA 04-00644-BH-B, attacking his manslaughter conviction in Case No. CC-02-280, for which he is currently serving a life sentence.

[3]In his Rule 32 petition, Jenkins alleges that the trial court was without jurisdiction to render its judgment or impose sentence in his case on an amended charge of third-degree robbery since he was indicted for first-degree robbery.  Jenkins argues that because he was armed with a knife, his actions constituted first-degree robbery rather than third-degree robbery; thus, the amendment was improper.  (Doc. 12, Exs. 1A, pp.18-24, 1E).

as a matter of law under Rule 32.7(d)." (Doc. 4; Doc. 12, Exs. 1A, pp. 5, 24, 1E).  Jenkins filed a notice of appeal on January 17, 2006, and on April 14, 2006, the Alabama Court of Criminal Appeals affirmed, by memorandum opinion, the trial court's summary denial of Petitioner's Rule 32 petition for post-conviction relief.  (Docs. 1, 12, Exs. 1A, 1E).[4] Jenkins' subsequent application for rehearing was overruled on May 5, 2006. (Doc. 12, Ex. 1G).  Jenkins then filed a petition seeking certiorari review before the Alabama Supreme Court.  His petition was denied, and a certificate of judgment was entered on June 9, 2006. (Doc. 12, Ex. 1I).  On that same day, the Alabama Court of Criminal Appeals issued its certificate of judgment. (Doc. 12, Ex. 1J).

On June 26, 2006, Jenkins filed the instant petition seeking

_____

[4]The appellate court opined:

> To the extent [Jenkins] contends that he was convicted of an offense for he had not been indicted, his argument is without merit. Third-degree robbery is, by definition, a lesser included offense of first-degree robbery.
> ...
> To the extent the appellant attempts to challenge the sufficiency of the factual basis to support the acceptance of his guilty plea, that claim is a nonjurisdictional claim that is precluded because he could have raised it at trial and on appeal, but did not, and because it is time-barred.
> ...
> Because the appellant's claim was without merit or precluded, the circuit court properly summarily denied his petition.

(Doc. 12, Ex. 1E).

3

habeas relief in this Court. (Doc. 1).[5]  In his original petition submitted on outdated forms, Jenkins alleges 1) that the trial court was without jurisdiction to render judgment or impose sentence in his case on the amended charge of third-degree robbery because he was indicted for first-degree robbery because he was armed with a knife.  According to Jenkins, his actions constituted first-degree robbery rather than third-degree robbery, thus, the amendment was improper and 2) that the trial court abused its discretion when it dismissed Jenkins' Rule 32 petition without first holding an evidentiary hearing on the merits of his jurisdictional claim. Notably, in his amended petition submitted on the Court's forms, Jenkins states, "See attached Petitioner's Grounds of Petition;" however, his petition contains no attachment.

Respondent's Answer (Doc. 12) to Jenkins' habeas petition contains the defense that Petitioner is not entitled to habeas corpus relief because his petition and claims are barred by the one-year limitation period set forth in the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. Section 2244(d)(1).

---

[5]Although Jenkins' initial petition was filed with this Court on July 10, 2006, a pro se inmate's habeas petition is deemed filed on the date it is delivered to prison officials for mailing.  Houston v. Lack, 487 U.S. 266, 271-272, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] will assume that Washington's motion was delivered to prison authorities the day he signed it ...."  Washington v. United States, 243 F.3d 1299 (11th Cir. 2001).  Accordingly, because Jenkins executed his petition on June 26, 2006, the Court considers that date as the date of filing.

## CONCLUSIONS OF LAW

Pursuant to 28 U.S.C. § 2244 (d)(1), as amended by the April 24, 1996 enactment of The Anti-Terrorism and Effective Death Penalty Act of 1996, § 101(Supp. II 1997) ("AEDPA"), a state prisoner seeking a federal habeas corpus remedy must file his federal petition within one year of the "conclusion of direct review or the expiration of the time for seeking such review."  The Act provides that:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgement of a State court.  The limitations period shall run from the latest of–

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d).

    For prisoners convicted prior to the enactment of the AEDPA,

5

the statute of limitations is considered to run from the Act's effective date of April 24, 1996. <u>Drew v. Department of Corrections</u>, 297 F.3d 1278, 1283 (11th Cir. 2003); <u>Guenther v. Holt</u>, 173 F.3d 1328, 1331 (11th Cir. 1999), <u>cert. denied</u>, 528 U.S. 1085, 120 S. Ct. 811, 145 L. Ed. 2d 683 (2000).  In other words, AEDPA's one-year statute of limitation expires on April 23, 1997, for habeas petitions filed by those inmates convicted prior to AEDPA's enactment date.

In the instant action, Jenkins did not directly appeal his conviction or sentence; hence, his conviction became final when the 42 day period to appeal provided for by Ala.R.App.P. 4(b)(1) expired, that is, on December 18, 1989.[6]  Because Jenkins' conviction became final prior to enactment of the AEDPA, his petition for habeas corpus relief should have been filed no later than April 23, 1997.  Jenkins' habeas corpus petition was not filed in this Court until June 26, 2006, more than nine (9) years after the statutory deadline had expired.  Thus, unless Jenkins can demonstrate that the tolling provisions of the AEDPA were triggered, his habeas petition is untimely.

Section 2244(d)(2) of the AEDPA provides for the tolling of the limitations period pending state court review of a properly filed

---

[6]"In a criminal case, [Alabama law provides that] a notice of appeal by the defendant shall be filed with the clerk of the trial court within 42 days (6 weeks) after pronouncement of the sentence, provided that the notice of appeal may be oral, as provided in Rule 3(a)(2)." Ala.R.App.P. 4(b)(1).

application for post-conviction relief. <u>See</u> <u>In Re Hill</u>, 437 F.3d 1080, 1083 (11th Cir. 2006). Although Jenkins filed a Rule 32 petition, the petition was not pending during the running of the limitation period as it was not filed until May 16, 2005, which is after the AEDPA limitation period had expired. "[E]ven 'properly filed' state court-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir. 2000); <u>see also</u> <u>Tinker v. Moore</u>, 255 F.3d 1333, 1335. n.4 (11th Cir. 2001)("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."); <u>Sibley v. Culliver</u>, 377 F.3d 1196, 1204 (11th Cir. 2004)("While a properly filed application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.")(citation omitted). Accordingly, Jenkins' Rule 32 petition, filed on May 16, 2005, did not toll the limitations period because that period had already expired more than 8 years earlier, on April 23, 1997, by the time the Rule 32 petition was filed. Thus, Jenkins' federal habeas petition was untimely filed.

Before recommending dismissal of Jenkins' petition for habeas relief as untimely, the undersigned must determine whether

Petitioner has pled extraordinary circumstances which require a contrary conclusion.  The Eleventh Circuit has stated that:

> Section 2244 is a statute of limitations, not a jurisdictional bar.  Therefore, it permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." <u>Sandvik v. United States</u>, 177 F.3d 1269[, 1271 (11th Cir. 1999)]. Equitable tolling is an extraordinary remedy which is typically applied sparingly.  <u>See</u> <u>Irwin v. Dept. Of Veterans Affairs</u>, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

<u>Steed v. Head</u>, 219 F.3d 1298, 1300 (11th Cir. 2000).  <u>See</u> <u>also</u> <u>Miller v. New Jersey State Dept. of Corrections</u>, 145 F.3d 616, 618-19 (3rd Cir. 1998)("equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'... [g]enerally, this will occur when the petitioner has 'in some extraordinary way...been prevented from asserting his or her rights.'...[t]he petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.'... [m]ere excusable neglect is not sufficient.").  Moreover, in the Eleventh Circuit, as a general rule, "the 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction." <u>Helton v. Secretary of Dept. of Corrections</u>, 259 F.3d 1310, 1314 (11th Cir. 2001), <u>cert. denied</u>, 535 U.S. 1080, 122 S.Ct. 1965 (2002); <u>Drew v. Department of Corrections</u>, 297 F.3d 1278, 1286-87 (11th Cir. 2002).

In this case, Jenkins asserts that his petition should not be dismissed as untimely because it contains a jurisdictional claim. (See Doc. 4, p. 12).  Aside from this conclusory allegation, Jenkins does not provide any explanation for the untimely filing of his habeas petition, nor does he provide any basis for the equitable tolling of the AEDPA limitations period.  As noted above, equitable tolling is appropriate when a petitioner fails to timely file his petition due to extraordinary circumstances beyond his control and unavoidable even with diligence. Steed, 219 F.3d at 1300.  The burden firmly rests with the petitioner to establish that he is entitled to the benefit of this extraordinary remedy. Drew, 297 F.3d at 1286.  Jenkins has not alleged the existence of extraordinary circumstances beyond his control that prevented him from filing a timely petition, nor has he met the heavy burden of showing that he exercised reasonable diligence in prosecuting his claims and in bringing forth his habeas petition. He has also failed to allege, let alone offer any evidence that suggests he is actually innocent of the offense for which he was convicted.

Additionally, it is noteworthy that the 10-year sentence for Jenkins' robbery conviction, which he is presently attacking, expired by its own terms in 1999. Therefore, even if the Court had not determined that Jenkins claim is time-barred and not excused by equitable tolling, this Court would, nevertheless, lack jurisdiction to entertain Petitioner's claims because he was not

"in custody" under the conviction or sentence at the time he filed his petition.[7]

Where Respondent has asserted the defense of statute of limitations and Petitioner has failed to meet his burden of establishing extraordinary circumstances which would justify the equitable tolling of § 2244's one year statute of limitations, the undersigned must recommend that this case be dismissed as time-barred. Accordingly, the undersigned finds that because Jenkins has neither demonstrated actual innocence, nor established that equitable tolling is warranted in this case, his federal habeas petition should be dismissed as time-barred. Additionally, because Jenkins fails to meet the "in custody" requirement of § 2254, the undersigned Magistrate Judge is of the opinion that Petitioner's petition for habeas corpus is due to be dismissed for want of

_____

[7]A habeas petitioner does not remain in custody under a conviction "after the sentence imposed for it has fully expired," even if there is "the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which [petitioner] is convicted." Maleng v. Cook, 490 U.S. 488, 492 (1989). ("We have never held ... that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed.") (emphasis in original); accord Jackson v. Sec'y for the Dep't of Corr., 206 Fed. Appx. 934, 935 (11th Cir. 2006). As indicated above, Jenkins was sentenced to 10 years imprisonment for his third-degree robbery conviction on November 6, 1989; however, he did not file the instant habeas petition until June 26, 2006, several years after his sentence expired. Accordingly, Jenkins cannot bring a federal habeas petition directed at the expired conviction.

jurisdiction.

### CONCLUSION

For the reasons set forth above, it is the opinion of the undersigned Magistrate Judge that Jenkins' petition for habeas corpus relief be **DENIED**.  It is so recommended.

The attached sheet contains important information regarding objections to this recommendation.

**DONE** this **15th** day of **August, 2008**.


                              __/S/ SONJA F. BIVINS__
                              **UNITED STATES MAGISTRATE JUDGE**

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   **Objection**.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.   See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**   Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are

12

adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

        /s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**

13